IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL NUMBER

DAHVIN FAHARI,
    Plaintiff

v.

CITY OF TAMPA, a municipal corporation,
    Defendant.
_____/

## AMENDED COMPLAINT

### JURISDICTION

1. Plaintiff DAHVIN FAHARI [FAHARI] is a natural person residing at 1301 Sweet Gum Dr., Brandon, FL 33511, was a resident of Hillsborough County, Florida during all times relevant to this action.

2. Defendant City of Tampa (TAMPA) is a municipal Corporation, organized under the laws of Florida.

3. At all times relevant to this action, all police officers relevant to this action, their supervisors, and others not presently known to the plaintiff, are duly appointed police officers of the City of Tampa.

4. At all times relevant to this action, TAMPA was also the public employer of unknown officers and is responsible and liable under the doctrine of respondeat superior for those officers negligence and for injury occasioned thereby.

5. This a cause of action for damages that exceed FIFTEEN THOUSAND DOLLARS ($15,000.00).

## FACTS

6. On or about June 2, 2001, Defendants went into the FAHARI's place of employment, located at 2309 N. Dale Mabry, Tampa, Florida 33511.

7. FAHARI, who was recovering from surgery, had been instructed to openly and obviously videotape the Defendant's actions by his employer with a camcorder.

8. While the camcorder was pointed away from one officer [DOE], DOE struck the Camcorder and/or FAHARI's face, knocking the camera out of FAHARI's hands. Officer DOE then instituted a choke-hold on FAHARI and knocked the two of them through the doors to the outside.

9. Once outside, another officer [SMITH] then tackled the plaintiff at the legs causing both officers to twist and fall down on top of FAHARI severely injuring FAHARI.

10. The unidentified officers DOE and SMITH then arrested FAHARI for resisting an officer without violence.

11. FAHARI did not consent to any of Defendants actions.

12. All charges against the plaintiff were dropped.

13. Plaintiff has met all compliance requirements precedent to file this action and has given proper notice under Florida Statute §768.28 (2002) as evidence by Exhibit "A" attached hereto and made a part hereof.

## COUNT I
## NEGLIGENCE

14. FAHARI repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 13 above with the same force and effect as if herein set forth.

15. At all times relevant to this Complaint, Defendant Officers DOE and SMITH as police officers of the Tampa Police Department were acting under the direction and control of Defendant Supervisor TAMPA.

16. At all times relevant to this complaint, TAMPA police officers had a duty to FAHARI to execute their duties with reasonable care not to use unreasonable force, or inflict undue physical harm.

17. At all times relevant to this action, TAMPA police officers negligently used unreasonable force including but not limited to choking, striking, and tackling FAHARI, breaching their duty of care.

18. As a direct and proximate cause of the forgoing, FAHARI has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are permanent and the Plaintiff will suffer the loss in the future

## COUNT II
## NEGLIGENT SUPERVISION

19. FAHARI repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 13 above with the same force and effect as if herein set forth.

20. At all times relevant to this Complaint, Defendant Officers DOE and SMITH as police officers of the Tampa Police Department were acting under the direction and control of Defendant Supervisor TAMPA.

21. At all times relevant to this complaint, TAMPA had a duty to the public who DOE, SMITH and its other police officers interact with to instruct, supervise, control, direct and discipline those officers on a continuing basis with reasonable care.

22. At all times relevant to this action, TAMPA knowingly, recklessly, with deliberate indifference, or in the alternative, negligently failed to instruct, supervise, control, direct and discipline on a continuing basis Defendant police officers in their duties to refrain from:

    (a) Unlawfully, maliciously, or using negligently unreasonable force, harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

    (b) Unlawfully or using negligently unreasonable force in striking, choking, tackling FAHARI,

23. Defendant TAMPA had knowledge or, had they diligently exercised that duty to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired done as alleged above, were about to be committed. Defendant TAMPA had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so breaching their duty to FAHARI.

24. TAMPA directly or indirectly approved or ratified the unlawful, deliberate, malicious, or negligent conduct of Defendant police officers described above also breaching their duty to FAHARI.

25. As a direct and proximate cause of the forgoing, FAHARI has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are permanent and the Plaintiff will suffer the loss in the future.

dollars ($15,000.00) exclusive of interest and costs, and demand a trial by jury of all issues triable as of right by jury.

DATED this **13** day of **FEBRUARY**, 2004.

                    Clifford K. Wells
                    JEEVES LAW GROUP, P.A.
                    954 First Avenue North
                    St. Petersburg, FL  33705
                    Telephone:  (727) 894-2929
                    Facsimile:  (727) 822-1499
                    FBN:  0618667